UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA ARTHUR, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WHITMAN COUNTY, a public entity; JOE REYNOLDS, an individual,<br><br>　　　　　Defendants. | No. CV-12-365-LRS<br><br>**ORDER GRANTING MOTION TO DISMISS NEGLIGENT SUPERVISION CLAIM** |

**BEFORE THE COURT** is Defendant Whitman County's Motion To Dismiss Plaintiff's Negligent Supervision Claim For Failure To State A Claim. (ECF No. 20). The motion is heard without oral argument.

**I. BACKGROUND**

This action was originally filed in Whitman County Superior Court and removed here on May 25, 2012. (ECF No. 2). Defendant has been employed by the Whitman County Assessor's Office since 2000. (First Amended Complaint at Paragraph 2.1). During her employment, she has been supervised by Defendant Joe Reynolds (*Id*. at Paragraph 2.2), the elected Whitman County Assessor. Plaintiff alleges that during her employment, she has been sexually harassed by Reynolds. (*Id*. at Paragraphs 2.4-2.17). Plaintiff asserts causes of actions against Whitman County and Reynolds under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et. seq.*, and the Washington Law Against Discrimination (WLAD), RCW Chapter 49.60, for a

**ORDER GRANTING**
**MOTION TO DISMISS -          1**

sexually hostile work environment and for retaliation. She also asserts common law causes of action for outrage and negligent infliction of emotional distress. Finally, Plaintiff asserts against Whitman County a cause of action for negligent supervision, alleging that "Defendant Whitman County's conduct in supervising Defendant Reynolds at work and/or its failure to train him subjected Plaintiff to abusive and hostile conduct which was negligent, unreasonable, and careless." (First Amended Complaint at Paragraph 5.2).

Whitman County moves to dismiss the negligent supervision claim on the basis that "the County has no duty or ability to supervise Mr. Reynolds, as he is an elected official."

## II. 12(b)(6) STANDARD

A Fed. R. Civ. P. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).

## III. DISCUSSION

The court concludes negligent supervision is not a cognizable legal theory

**ORDER GRANTING
MOTION TO DISMISS -           2**

upon which such a claim can be asserted against Whitman County for alleged sexual harassment. Moreover, assertion of that claim is unnecessary to hold Whitman County liable for any sexual harassment perpetrated by Reynolds. This is evident from the decision of the Washington Court of Appeals in *Broyles v. Thurston County*, 147 Wn.App. 409, 195 P.3d 985 (2008).

In *Broyles*, the female plaintiffs were former deputy prosecuting attorneys who a jury found had been subjected to sexually discriminatory acts, including sexual remarks, by the elected county prosecuting attorney. On appeal, Thurston County contended it could not be held liable for the acts of the prosecuting attorney because it could not control him or how he ran his office, and that no agency relationship existed between the county and the elected prosecuting attorney. The court of appeals held the county was liable for the prosecuting attorney's discriminatory employment acts:

> Especially in the context of employment discrimination, either the state or local government must be responsible for the actions of the officers and agents that exercise governmental powers and act on the government's behalf.
>
> . . .
>
> When the prosecuting attorney is exercising his delegated powers in employment matters, he is acting for the county, and thus the county is liable for the consequences of those employment decisions. . . . In the context of employment discrimination, either the state or local government must be responsible for the actions of the officers and agents that exercise governmental powers and act on the government's behalf.
>
> The County cites numerous cases from other jurisdictions but none is persuasive here as none involves the WLAD and none holds that because a prosecuting attorney is an independently elected official, the County is shielded from liability for any of his conduct.

147 Wn.App. at pp. 429-30.

In a footnote, the court stated that because agency principles did not apply under the circumstances presented, certain Washington cases (*DeWater v. State*, 130 Wn.2d 128, 921 P.2d 1059 (1996), and *Francom v. Costco Wholesale Corp.*, 98

**ORDER GRANTING**
**MOTION TO DISMISS -** 3

Wn.App. 845, 854, 991 P.2d 1182 (2000)), offered "little guidance." *Id*. at 430, n. 6.

Whitman County says it is not challenging "imposition of vicarious liability for Mr. Reynolds' alleged acts." According to Whitman County, "*Broyles* examined Thurston County's vicarious liability for the prosecutor's [tortious] conduct, not Thurston County's direct liability for its supervision of said prosecutor." It appears to this court, however, that *Broyles* found Thurston County liable based on more than vicarious liability. The term "vicarious liability" is not found in the section of the *Broyles* decision discussing the "County's Liability." 147 Wn.App. at pp. 427-31. As noted, the court of appeals indicated it did not rely on agency principles because those principles did not apply. "Vicarious liability" is based on agency principles. *DeWater*, 130 Wn.2d at 137; *Francom*, 98 Wn.App. at 854-56. In *Broyles*, Thurston County's liability was not derivative of the elected prosecuting attorney's liability. Liability was not imputed to the county. The county was not deemed liable because it controlled and/or supervised the prosecuting attorney. It was liable because "[w]hen the prosecuting attorney is exercising his delegated powers in employment matters, **he is acting for the county, and thus the county is liable for the consequences of those employment decisions.**" 147 Wn.App. at 430. (Emphasis added). There was no employer/employee relationship between Thurston County and the prosecuting attorney, and the prosecuting attorney was not a mere manager or supervisor for the county.[1] In *Broyles*, there was only an employer and it was Thurston County and the prosecuting attorney as a single entity.

The same analysis applies to Whitman County and Reynolds, the county's

---

[1] It is noted, however, that a manager's conduct will automatically impute liability to an employer where the manager occupies a sufficiently high level position so as to be considered the alter ego of the employer. *Francom*, 98 Wn.App. at 856.

**ORDER GRANTING MOTION TO DISMISS -**     **4**

elected county assessor. All of Plaintiff's WLAD and common law causes of action are based on her allegedly being subjected to a sexually hostile work environment by Reynolds. Per *Broyles*, if a jury finds by a preponderance of the evidence that Reynolds subjected Plaintiff to a sexually hostile work environment, he is liable under the WLAD and common law causes of action, and so is Whitman County. The jury will not need to make separate determinations regarding the liability of Reynolds and the liability of Whitman County under the WLAD and common law.[2] Conversely, if a jury finds by a preponderance of the evidence that Reynolds did not subject Plaintiff to a sexually hostile work environment, neither he or the county is liable. In sum, based on *Broyles*, Whitman County and Reynolds County are considered a single integrated employer entity for WLAD and common law liability purposes.[3] To the extent Whitman County has any supervisory authority over Reynolds as the elected county assessor, its potential liability does not depend on that

---

[2] Whitman County seemingly recognizes this, stating it "is not arguing that it is shielded from liability for any of Mr. Reynolds' alleged conduct." (ECF No. 30 at p. 3).

[3] The court makes no determination, at this time, whether a similar result pertains to the liability of Reynolds and Whitman County under Title VII (i.e., that agency principles are irrelevant). Identification of an "employer" under Title VII is a question of federal law. *Burlington Industries v. Ellerth*, 524 U.S. 742, 754-55, 118 S.Ct. 2257 (1998). It is noted that the law under Title VII, consistent with the law under the WLAD, liability is automatically imputed to an employer when a harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy." *Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 118 S.Ct. 2275 (1998).

**ORDER GRANTING MOTION TO DISMISS -      5**

supervision or lack thereof, nor on its own action or inaction.[4]  Accordingly, Plaintiff's common law negligent supervision claim is not only based on a non-cognizable legal theory, it is based on an unnecessary one.

Defendant Whitman County's Motion To Dismiss Plaintiff's Negligent Supervision For Failure To State A Claim (ECF No. 20) is **GRANTED**.  Plaintiff's Negligent Supervision Claim is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___1st___ of April, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

---

[4] In *Broyles*, the plaintiffs argued the county was liable because it knew about the discrimination and did nothing to remedy it and failed to enforce its own anti-harassment and discrimination policies.  The court of appeals found that "[i]n light of our holding that the County is liable as a matter of law, we need not address this alternative claim." 147 Wn.2d at 430-31.

**ORDER GRANTING
MOTION TO DISMISS -            6**